IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Ricardo Manderson,<br>67 S. Morley Street<br>Baltimore, MD 21229<br><br>    Plaintiff,<br><br>v.<br><br>The Johns Hopkins University,<br>3400 N. Charles Street<br>Baltimore, MD 21218-2688<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Ricardo Manderson, by way of his attorney, Morris E. Fischer, Esq., hereby states the following complaint, on information and belief formed after reasonable inquiry under the circumstances, against Defendant:

### PARTIES

1. Plaintiff, Ricardo Manderson, is an individual citizen and resident of Baltimore City County, Maryland.

2. Defendant, The Johns Hopkins University, is a Maryland Corporation that is located in Maryland.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e., 42 U.S.C. § 2000(e) et. seq.

4. This Court has supplemental subject matter jurisdiction of pendent state law claims under 28 U.S.C. § 1367 because these claims are so related to Plaintiff's claims

under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court holds general and specific jurisdiction over the Defendant under 15 U.S.C. §§ 4 and 15.

6. Venue in this District is proper as to the Defendants pursuant to 15 U.S.C. §§ 5 and 15.

7. Venue in this District is proper as to all parties pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

8. On or around August 2, 2012, Mr. Manderson was hired as a QA & Training Manager in the Custodial Department of The Johns Hopkins University.

9. Bruce Silverman has been Mr. Manderson's supervisor from the date of his employ to the present.

10. In or around January 2013, Mr. Manderson's colleague Chris Adamoli made offensive comments in reference to Martin Luther King, Jr. Day.

11. In or around January 2013, Mr. Manderson initiated an action with Johns Hopkins University's Office of Institutional Equity (OIE).

12. Mr. Manderson's action with the OIE concerned Adamoli's comments regarding Martin Luther King, Jr. Day.

13. As a result of Mr. Manderson's action with the OIE, Adamoli was terminated.

14. Following Adamoli's termination, Mr. Manderson took over Adamoli's work related duties.

15. Following Adamoli's termination, Mr. Manderson took over job responsibilities that were not included in his current job description.

16. Mr. Manderson's rate compensation did not change to reflect his increased job duties.

17. Mr. Manderson's job description did not change to reflect his increased job duties.

18. Following Adamoli's termination, Mr. Manderson applied for Adamoli's former position.

19. Mr. Manderson was not selected for Adamoli's former position.

20. Mr. Manderson was not selected for Adamoli's former position, despite already being responsible for many of the duties required of the position.

21. The Defendant's denial of Mr. Manderson's application for the position was an act of retaliation for Mr. Manderson's involvement in the January 2013 OIE action.

22. A new employee was hired to fill Adamoli's former position.

23. After a new employee was hired to fill Adamoli's former position, Mr. Manderson was asked to assume tasks that are not delineated in his current job description.

24. Although a new employee was hired to fill Adamoli's former position, Mr. Manderson is still routinely asked to assume tasks that are not delineated in his current job description.

25. At the present, Mr. Manderson's rate compensation has not changed to reflect his increased job duties.

26. At the present, Mr. Manderson's job description has not changed to reflect his increased job duties.

## COUNT I
## DISCRIMINATION BASED ON RACE
## IN VIOLATION OF 42 U.S.C. §1981 and U.S. Const. am. 14

Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

27. Plaintiff is African-American.

28. Plaintiff is fully qualified for the job position he applied for.

29. Defendant's actions as described above were based on Plaintiff's race.

30. The aforesaid discriminatory treatment and adverse employment action by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of his employment.

31. Other similarly situated employees not of Plaintiff's race were not subject to the same discriminatory treatment.

32. A causal connection exists between Defendant's actions toward Plaintiff and Plaintiff's race.

33. Defendant's actions constituted a violation of 42 U.S.C. § 2000(e) *et seq.* and 42 U.S.C. § 1981.

34. Defendant's aforementioned conduct reflects directly on a discriminatory attitude toward Plaintiff.

35. Defendant committed the above-mentioned acts willfully, intentionally, and with actual malice toward the Plaintiff.

36. The Plaintiff's race was a motivating and determinative factor for Defendant's actions against Plaintiff.

37. The Defendant's actions and conduct were subjectively viewed by the Plaintiff as abusive and unwelcome.

38. Had it not been for Plaintiff's race, the Defendant would not have taken said actions.

39. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

## COUNT II
## RETALIATION IN VIOLATION OF 42 U.S.C.§1981 and U.S. Const. am. 14.

40. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

41. Plaintiff engaged in protected activity when he initiated an action through Johns Hopkins University's Office of Institutional Equity, complaining about a coworker's offensive comments.

42. Plaintiff had a reasonable belief that he was opposing a discriminatory practice.

43. Defendant was aware of Plaintiff's protected activity.

44. In response to and because of Plaintiff's protected activity, Defendant, by and through its agents, servants and/or employees, took averse action against Plaintiff by denying him appropriate employment opportunities and failing to compensate Plaintiff for increased workload.

45. The aforementioned actions caused tangible harm to Plaintiff in that they affected the terms, conditions, and privileges of his employment because Plaintiff took on increased job duties and responsibilities without proper compensation, and was denied a job promotion he was qualified for.

46. Plaintiff's protected activity was the cause of Defendant's aforementioned actions.

47. A causal connection exists between Defendant's aforementioned actions and Plaintiff's protected activity.

48. Defendant's actions constituted a violation of 42 U.S.C. §1981 and the Fourteenth Amendment of the United States Constitution.

49. Other similarly situated employees who did not participate in such complaints were not subject to the same conditions of employment as Plaintiff.

50. Defendant acted willfully and with actual malice in denying Plaintiff job opportunities and failing to compensate Plaintiff for increased work.

51. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

52. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, illnesses related to stress, and other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff demands:

A. Judgment against Defendant in the amount of back wages Plaintiff is owed for uncompensated work;

B. A job position that is commensurate to Plaintiff's level of education and experience;

C. All other relief that the Court deems appropriate.


Respectfully Submitted,

_____
Morris E. Fischer, Esq.
1400 Spring Street, Suite 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
Attorney for Plaintiff

## JURY DEMAND

Plaintiff herein demands a jury for all issues to be tried in this case.

                              Respectfully Submitted,

                              _____
                              Morris E. Fischer, Esq.
                              1400 Spring Street, Suite 350
                              Silver Spring, MD 20910
                              (301) 328-7631 phone
                              (301) 328-7638 fax
                               Attorney for Plaintiff