IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| RICARDO MANDERSON | * | |
| v. | * | Civil No. JFM-15-1114 |
| THE JOHNS HOPKINS UNIVERSITY | * | |

## MEMORANDUM

In April 2015, plaintiff Ricardo Manderson brought suit against defendant Johns Hopkins for discrimination and retaliation claims. Around the same time, Manderson filed an administrative charge alleging substantially similar claims with the Maryland Commission on Civil Rights ("MCCR"). In August 2015, to conserve judicial resources, I granted defendant's motion to stay pending resolution of Manderson's charge before the MCCR. (ECF No. 13). Plaintiff now moves to lift the stay and file an amended complaint incorporating events occurring after his initial complaint. (ECF Nos. 14, 15). For the following reasons, I deny plaintiff's motion to lift stay, deny plaintiff's motion to file an amended complaint as moot, and dismiss plaintiff's case without prejudice.

This Court's August 2015 order staying the instant case stated that the case was "subject to being reopened upon notification by either party within 30 days of the final decision made in the related proceeding pending before the [MCCR]." (ECF No. 13, p. 1). Plaintiff, however, has not obtained, or even attempted to obtain, a final decision from the MCCR. Instead, plaintiff has short-circuited the administrative process by activating the mandatory dismissal provision of Md. Code Ann., State Gov't § 20-1013(c), before any final MCCR decision could be issued. (*See* ECF No. 18, Ex. A). § 20-1013(c) reads:

1

> The filing of a civil action under this section automatically terminates any proceeding before the Commission based on the underlying administrative complaint and any amendment to the complaint.

After filing his motion to lift stay in late January, plaintiff notified the MCCR of his pending federal case, prompting the MCCR to dismiss his MCCR charge pursuant to § 20-1013(c). (*See* ECF No. 18, Ex. A). By doing so, nearly ten months after the filing of his federal complaint, plaintiff, for all intents and purposes, effectuated dismissal of his MCCR claim.[1] Accordingly, plaintiff has not exhausted his administrative remedies, and in the event that I lifted the stay, I would likely be obliged to dismiss the complaint for plaintiff's failure to exhaust those remedies. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (holding that a failure to exhaust administrative remedies "concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"). The more judicious course of action then, in light of § 20-1013(c)'s mandatory dismissal provision, is to deny plaintiff's motion to lift stay, dismiss plaintiff's federal case without prejudice, and direct plaintiff to fully exhaust his administrative remedies with the MCCR.

## CONCLUSION

For the stated reasons, plaintiff's motion to lift stay (ECF No. 14) is denied, plaintiff's case is dismissed without prejudice, and plaintiff's motion for leave to file an amended complaint (ECF No. 15) is denied as moot. A separate order follows.

3/8/16
_____
Date

J. Frederick Motz
United States District Judge

---

[1] I should note that plaintiff's actions—asserting a charge before the MCCR, engaging its investigatory resources, and then unilaterally seeking dismissal of his charge to pursue his claims in federal court—are, at best, a questionable use of state resources.